**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:08-CV-00153**

**ROBERT STREET,**                                                          **PLAINTIFFS**
**LISA MURPHY,**
**ROBERT CREEK,**
**KRISTEEN OWENS, and**
**BRANDY FILBACK,**

**v.**

**U.S. CORRUGATED, INC.**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Plaintiffs to alter, amend, or vacate [DN 52, DN 55] the Court's January 25, 2011, Memorandum Opinion and Order [DN 50] granting Defendant's motion for summary judgment [DN 25]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

This case involves claims of retaliation and wrongful termination after Plaintiffs complained of the abusive behavior directed at them by Robert Greathouse, one of the Defendant's employees. Following Greathouse's termination on June 2, 2008, Plaintiffs too were terminated. Plaintiffs allege they were discriminated against because of their gender and fired for reporting gender-based harassment.

On January 25, 2011, the Court issued an Opinion and Order dismissing Plaintiffs' claims. The Court concluded that although Greathouse had acted inappropriately, he had not specifically targeted either gender to support a discrimination claim, Plaintiffs were not engaged in protected activity to support a Title VII retaliation claim, Plaintiffs were not wrongfully terminated because of their at-will employment status, and insufficient evidence existed to support Plaintiffs' claims of

intentional infliction of emotional distress and terroristic threatening. Plaintiffs filed this motion to alter, amend, or vacate the Court's Opinion pursuant to Federal Rule of Civil Procedure 59(e). In support of their motion, Plaintiffs argue that summary judgment in favor of Defendant was improper because: (1) the Court misconstrued the existing record; (2) the Supreme Court recently issued an opinion which requires reconsideration of the case; and (3) the Court failed to address Plaintiffs' wrongful termination claim. The Court will discuss each argument in turn below.

## II. STANDARD OF REVIEW

Motions to alter or amend judgment may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." United States v. Jarnigan, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing Fed. R. Civ. P. 59(e); Helton v. ACS Group, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)). See GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" United States v. Abernathy, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (citation omitted). See Browning v. Pennerton, 2008 WL 4791491, at *1 (E.D. Ky. Oct. 24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."); Electric Ins. Co. v. Freudenberg-Nok, Gen. P'ship, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend a judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007).

## III.  DISCUSSION

Applying this standard to the current motion, the Court denies Plaintiffs' motion to reconsider the merits of the case.  The arguments raised in Plaintiffs' motion to reconsider based on the Court's misconstruing of the record were previously advanced by Plaintiffs and addressed by the Court or could have been advanced in their response.  "A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not."  Gray v. Comm'r of Social Sec., 2006 WL 3825066, at *2 (E.D. Mich. Dec. 13, 2006) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)).  Plaintiffs may disagree with the Court's decision, but that is an issue for appeal, not reconsideration.

Furthermore, the Court rejects Plaintiffs' argument that the Supreme Court's recent decision in Thompson v. N. Am. Stainless, LP, 131 S. Ct. 863 (2011), requires reconsideration of the case.  In Thompson, the Court found that an employee who was terminated had standing to sue for retaliation after his fiancé filed a gender discrimination charge with the Equal Employment Opportunity Commission.  Id. at 870.  However, Thompson is distinguishable in that the plaintiff's fiancé had engaged in protected activity prior to the plaintiff's termination.  Id. at 867.  Having found that the Plaintiffs here were not engaged in protected activity, Thompson is inapplicable to these facts.

Lastly, Plaintiffs argue that the Court did not address their wrongful termination claim.  As addressed in the Court's Opinion on pages 7-9, "[g]enerally, in the absence of a specific contractual provision to the contrary, employment in Kentucky is terminable at-will, meaning that an employer may ordinarily discharge an employee for good cause, for no cause, or for a cause that some might view as morally indefensible."  Miracle v. Bell Cnty. Emergency Med. Servs., 237 S.W.3d 555, 558

(Ky. Ct. App. 2007) (quotation omitted).  To overcome the at-will doctrine and establish a claim for

wrongful discharge, a plaintiff must be able to establish that he was discharged "contrary to a

fundamental and well-defined public policy."  Grzyb v. Evans, 700 S.W.2d 399, 401 (Ky. 1985).

Because Plaintiffs were found to be at-will employees, and the Title VII claims and the terroristic

threatening claim were without merit, Plaintiffs were not terminated contrary to a "fundamental well

defined public policy."  Regardless of how unfair the Plaintiffs' termination may appear, it was not

wrongful in the legal sense.

However, Plaintiffs also allege their discharge was wrongful because it was done in

retaliation for reporting violations of the Occupation Safety and Health Administration ("OSHA").

More specifically, Plaintiffs allege that Defendant allowed guns in the workplace which made for

an unsafe working environment. To the extent that the Court failed to address this argument in its

Opinion, it nevertheless finds the argument unpersuasive.

Both the federal OSHA statute, 29 U.S.C. § 660(c), and the Kentucky OSHA statute, K.R.S.

§ 338.121(3), forbid the firing of an employee for filing a complaint with OSHA.  As an initial

matter, Plaintiffs' Complaint does not list OSHA as grounds for their wrongful termination claim

so for that reason alone the claim should be dismissed.  See Pls.' Compl. 11, ¶ 64.  Notwithstanding

this fact, Plaintiffs can not base a wrongful termination claim on retaliation for reporting OSHA

violations.[1]  Although an at-will employee may prevail on a wrongful discharge claim when the

termination violates a public policy clearly defined by statute, "[t]his at-will exception does not

apply when the statute creating the public policy exception provides the structure for pursuing a

claim."  Hines v. Elf Atochem N. Am., Inc., 813 F. Supp. 550, 552 (W.D. Ky. 1993) (citing Grzyb,

---

[1]     The Court notes that Plaintiffs never actually reported a violation to OSHA.

700 S.W.2d at 401)). OSHA not only "create[s] a public policy exception by prohibiting termination or discrimination against employees who refuse to violate the statutes or report violations[,]" but also "provide[s] a structure for employees to pursue when alleging violations." Hines, 813 F. Supp at 552. See 29 U.S.C. § 660(c)(2); K.R.S. § 338.121(3)(b). Accordingly, Plaintiffs may not rely on OSHA as grounds for their wrongful discharge claim "because the Act itself provides a remedy" and is therefore preempted. Beard v. McCammish Mfg. Co., Inc., 2003 WL 23811678, at *3 (W.D. Ky. Dec. 9, 2003). See Benningfield v. Pettit Envtl., Inc., 183 S.W.3d 567,571 (Ky. Ct. App. 2005) ("In keeping with the holding in Grzyb, we hold that the [plaintiff's] wrongful discharge claim, under KRS 338.121, is preempted because the statute provides both the unlawful act and specifies the civil remedy available to aggrieved parties."); Lawrence v. Bowling Green-Warren Cnty. Cmty. Hosp. Corp., 2003 WL 22359518, at *2 (Ky. Ct. App. Oct. 17, 2003) (same). Plaintiffs' wrongful discharge claim based on OSHA must therefore be dismissed as a matter of law.

## IV.  CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that the motion by Plaintiffs to alter, amend, or vacate [DN 52, DN 55] the Court's January 25, 2011, Memorandum Opinion and Order [DN 50] granting Defendant's motion for summary judgment [DN 25] is **DENIED**.

cc:  Counsel of Record