UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08-CV-00153

ROBERT STREET, PLAINTIFFS
LISA MURPHY,
ROBERT CREEK,
KRISTEEN OWENS, and
BRANDY FILBACK,

v.

U.S. CORRUGATED, INC. DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a bill of costs submitted by Defendant, U.S. Corrugated, Inc., requesting the Court to tax costs in the amount of $7,582.21 against the Plaintiffs, Robert Street, Lisa Murphy, Robert Creek, Kristeen Owens, and Brandy Filback, pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 [DN 59]. Plaintiffs filed objections to the bill of costs [DN 60]. Fully briefed, this matter is ripe for decision.

Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986). See Ford v. FedEx Supply Chain Servs., Inc., 2009 WL 1585849, at *1 (W.D. Tenn. June 3, 2009) ("There is "a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d)."). Therefore, "[t]he party objecting to the taxation bears the burden of persuading the Court that taxation is improper." Roll v. Bowling Green Metal Forming, LLC., 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing BDT Prods., Inc. v. Lexmark Intern., Inc., 405 F.3d 415, 420 (6th Cir. 2005)). In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987), the Supreme Court held that a district court may award costs

only for those elements contained in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant seeks to recover $7,582.21 as costs. Plaintiffs argue that Defendant failed to submit sufficient proof of payment, the bill of costs is excessive, and seeks compensation for items that are not recoverable under § 1920. In particular, Plaintiffs focus upon Defendant's costs of depositions, filing fees, costs of copies of medical records, costs of email image conversion, and costs of criminal background checks.

**1. Proof of Payment**

As an initial matter, Plaintiffs object to costs (a-m) and costs (p-q) because Defendant did not submit sufficient proof of payment. However, Defendant has provided detailed invoices indicating the amounts payable. Plaintiff has not submitted any case law or statutory rule that requires proof of payment in lieu of an invoice in order to be awarded costs. Rule 39(c) of the Federal Rules of Appellate Procedure for the Sixth Circuit states that in order to be awarded costs "[a]n itemized and

verified bill of costs must be filed . . . . An affidavit of counsel with bills attached as exhibits will usually suffice to prove costs." Here, Defendant has included an affidavit and attached an itemized invoice for each item. Accordingly, Defendant has provided sufficient information to receive costs in this case.

**2. Cost of Depositions**

Plaintiffs argue that Defendant can not recover the full costs associated with the depositions of Kristeen Owens ($577.50), Brandy Filback ($411.90), Robert Creek ($367.50), Lisa Murphy ($1,265.10), Robert Street ($683.40), and Robert L. Greathouse ($312.50) because Defendant is only entitled to reimbursement for the cost of the original transcript. The Court disagrees.

As noted by the Sixth Circuit, "'[o]rdinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party.'" Sutter v. Gen. Motors Corp., 100 F. App'x 472, 475 (6th Cir. 2004) (quoting Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989)). Similarly § 1920(2) authorizes taxation of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Here, Plaintiffs are objecting to the costs associated with the copies of the depositions. However, the Court finds that copies of the deposition transcripts were reasonably necessary. See Cunningham v. Target Corp., 2010 WL 1032772, at *2 (W.D. Ky. Mar. 17, 2010) (Court finding "that the transcripts and copies of transcripts obtained by Target were reasonably necessary for use in the case and not merely for the convenience of counsel. The Court agrees with other circuits that have specifically held copies of deposition transcripts may be taxed transcripts, the condensed transcripts, indexing, exhibits, and e-transcripts."). Thus, the costs associated with the depositions are properly taxable costs.

3

### 3. Filing Fee

Defendant also requests the $350.00 filing fee for the removal of the case from Jefferson Circuit Court to the Western District of Kentucky to be taxed to Plaintiffs. Plaintiffs argue that Defendant is not entitled to recover the filing fee because Defendant removed the case voluntarily. Title 28 U.S.C. § 1920(1) explicitly allows "[f]ees of the clerk" to be taxed. Therefore, "a removal filing fee is a fee allowed under § 1920(1) and may be taxed as part of costs." Roll, 2010 WL 3069106 at *2 (citing Card v. State Farm Fire & Cas. Co., 126 F.R.D. 658, 660 (N.D. Miss. 1989); 77 C.J.S. Removal of Cases § 200 (2011) ("In a removed case, the removal filing fee may be taxed as part of costs.")). Accordingly, the Court finds that the removal filing fee is a properly taxable cost.

### 4. Copies of Medical Records, File Conversion, and Criminal Background Checks

Defendant additionally seeks $218.11 for the costs of obtaining copies of medical records, $1,406.25 for conversion of their own files to Tiff/Load files (CPU), and $1,054.15 for the cost of performing criminal background checks. Plaintiffs argue that the costs incurred were unnecessary. The Court agrees. Defendant has not provided any support as to how such records were necessary to the issues presented here - employment discrimination and wrongful termination. Accordingly, Defendant is not entitled to these costs.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the requested bill of costs is approved with the exception of the following: (1) $218.11 for the cost of obtaining medical records; (2) $1,406.25 for costs associated with file conversion; and (3) $1,054.15 for the cost of performing criminal background checks. Defendant is awarded costs of $4,903.70.

cc. Counsel of Record